UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, and
DJ BENNETT, Revenue Officer,

    Petitioners,　　　　　　　　　　No. C 06-4413 PJH

    v.　　　　　　　　　　　　　　　　**ORDER OF CONTEMPT**

SERGIO RODRIGUEZ,

    Respondent.
_____/

    This matter came before the court for hearing on March 21, 2007, upon the court's Order to Show Cause Re Contempt entered on January 24, 2007.  Thomas Moore and Kelsey Arnold appeared on behalf of the United States and Sergio Rodriquez ("Rodriquez") appeared on his own behalf.

    On September 20, 2006, the court entered an Order Granting Petition to Enforce Internal Revenue Service Summons ("Order Enforcing Summons"), which ordered Rodriquez to provide documents and give testimony on those documents in compliance with a valid summons issued by the United States.  Rodriquez did not comply with that order and the United States applied for an Order to Show Cause Re Contempt.  On January 24, 2007, the court ordered Rodriquez to appear on March 21, 2007 to show cause why he should not be held in contempt for failing to comply with the court's September 20, 2006 order enforcing summons.

    Rodriquez did not respond to the order to show cause in writing but did appear for the hearing on March 21, 2007.  Although Rodriquez has been "working on" trying to complete the tax returns required by the summons, he had no excuse for failing to provide the other documents or his testimony on those documents.  Accordingly, the court found by

clear and convincing evidence that Rodriquez violated the September 20, 2006 order enforcing summons; that his violation did not constitute substantial compliance with the order; and that the violation was not based on a good faith and reasonable interpretation of the order. <u>United States v. Ayres</u>, 166 F.3d 991, 994 (9th Cir. 1999). Accordingly, Rodriquez was adjudged in contempt of this court.

The court having found Rodriquez in contempt, it is hereby ordered

1. That Rodriquez shall meet with an IRS agent to produce the summoned documents and give testimony concerning those documents within 10 days of the date of the hearing.

2. That Rodriquez shall produce correct copies of his tax returns currently in possession of his tax preparer within 30 days of the date of the hearing.

3. If Rodriquez meets both of these deadlines, he will be purged of any further penalty for his contempt.

4. If Rodriquez fails to meet either of these deadlines, a daily penalty of $500 will be imposed for each day that he is not in compliance. Upon the thirtieth day of non-compliance, the United States may petition the court for a further hearing on this matter for the purpose of seeking a larger or different penalty for the non-compliance.

**IT IS SO ORDERED.**

Dated: March 22, 2007

PHYLLIS J. HAMILTON
United States District Judge